UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>A) ALL CORPORATE ASSETS OF HACIENDA SABANERA-CIUDAD CABALLISTICA, INC., et al.,<br><br>Defendants. | Civil No. 98-2329 (JAF) |

## OPINION AND ORDER

This case involves seizure of various properties pursuant to 21 U.S.C. § 881(a)(7) and 12 U.S.C. § 881(a)(6) for violations of Title II of the Controlled Substances Act, 21 U.S.C. §§ 951-971 and 18 U.S.C. § 1956. We have before us three claims over defendant properties ("I.") and motions to reconsider our previous Order and stay the interlocutory sale of claimants' equines.

### I.

On December 14, 1998, claimants, Omayra Carrión-Fontánez, Luis Quintana-Aguayo, and Mildred Quintana, filed three claims in this action. Luis Quintana-Aguayo filed a claim over Defendant property "A", Hacienda Sabanera-Ciudad Caballística, Inc. and Defendant property "B", The Rose, Inc. Mr. Quintana is President of both Hacienda Sabanera-Ciudad Caballística and The Rose. He brought suit in both his official capacity and in his individual capacity as a shareholder of the corporation. On the same date, Mildred Quintana

filed a claim over Defendant property "C", all corporate assets of Mildred, Inc. Ms. Quintana brought the claim in both her personal and official capacity as President of Mildred, Inc., and as a shareholder as to Defendant property "C". Finally, Omayra Carrión-Fontánez,[1] in her capacity as a shareholder, filed a claim over Defendant property "A", Hacienda Sabanera-Ciudad Caballística, Inc.

The United States moves to strike the claims of all three claimants alleging that they lack standing to file a claim in this action.

### A.

Standing is the jurisdictional prerequisite that determines whether the party before the court is the proper party to bring the matter for adjudication. <u>ASARCO, Inc. v. Kadish</u>, 490 U.S. 605, 612 (1989) (citing <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)). Standing raises the question of the relationship between the litigant and the subject matter of the litigation. The Supreme Court has elucidated three prudential requirements for standing: (1) plaintiff has suffered or will imminently suffer an injury; (2) that injury is traceable to defendant's conduct; and (3) a favorable federal court decision can redress the injury.[2] <u>Northeastern Florida Chapter of</u>

---

[1] Ms. Omayra Carrión-Fontánez asserts that during her marriage with Luis Quintana-Aguayo she has acquired her interest through the Puerto Rico community property statute.

[2] The constitutional requirement for standing, that the matter is a "case or controversy" under Article III of the Constitution, is not disputed in this case.

Civil No. 98-2329 (JAF)                                                      3-

Associated Gen. Contractors of America v. Jacksonville, 508 U.S. 656 (1993); Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992) (holding that "constitutional minimum of standing requires: (1) injury in fact; (2) causation; and (3) redressability").

While shareholders generally do not have standing to bring suits on behalf of corporations, if the shareholder has a direct, personal interest in the law suit, the bar to standing is lowered and the plaintiff may bring the suit. Rotunda and Novak, Treatise on Constitutional Law, 2d ed., § 2.13, 228-29 (1992); see discussion in, Shell Petroleum, N.V. v. Graves, 709 F.2d 593, 595 (9th Cir. 1983). This general doctrine applies even when a corporation with only one shareholder becomes injured. See, e.g., In re Dein Host, Inc., 835 F.2d 402, 405 (1st Cir. 1987) (citing Green v. Victor Talking Mach. Co., 24 F.2d 378, 380 (2d Cir. 1928)). The rule assures that corporations and the courts are not paralyzed by a landslide of personal actions from dissatisfied shareholders. Id. It recognizes that corporate entities are created to insulate the owners. In the same way, corporate status ensures that the owners are not at the fore of all controversies or negotiations of the corporation. Thus, economic harm or damage to the corporate entity does not, without more, confer standing to sue upon its stockholders. Id.

The only double-faceted exception to the general rule involves situations in which one shareholder is in a unique situation from the others: the aforementioned personal and distinct injury suffered by

AO 72
(Rev 8/82)

one shareholder to which the other shareholders are immune; or a direct injury to one shareholder stemming from a special duty which only he is owed. See W. Clay Jackson Enterprises, Inc. v. Greyhound Leasing & Financial Corp., 463 F.Supp. 666, 670 (D.P.R. 1979) (citing Buschmann v. Prof'l Men's Association, 405 F.2d 659 (7th Cir. 1969); Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961)).

### B.

We find that claimants present three distinct issues: (1) whether Omayra Carrión-Fontánez, Luis Quintana-Aguayo, and Mildred Quintana have standing as stockholders; (2) whether Luis Quintana-Aguayo and Mildred Quintana possess standing as officers of Defendant properties; and (3) whether Mildred Quintana possesses standing as a result of Puerto Rico communal property law.

### 1.

The first inquiry has been answered with a resounding no from all corners of the judicial arena. We need not deeply explore this issue as the First Circuit has unequivocally held that shareholders possess no right to sue for injury to their corporate assets. See, e.g., In re Dein Host, Inc., 835 F.2d at 405; In re San Juan Hotel, 809 F.2d 151, 154-55 (1st Cir. 1987). Therefore, as claimants have not demonstrated a distinct and personal interest or special duty which they are owed, we find that Omayra Carrión-Fontánez, Luis Quintana-Aguayo, and Mildred Quintana all lack standing to assert claims in their shareholder capacity.

2.

The next inquiry is equally facile. Luis Quintana-Aguayo, in his capacity as President of Hacienda Sabanera-Ciudad Caballística, Inc. and The Rose, Inc., and Mildred Quintana, in her capacity as President of Mildred, Inc., are presumably the general agents of their corporations. In this way, they are the proper party to assert an interest for their corporation. At this stage in the proceedings, we find they possess standing in their official capacities. We need go no further, although we note that we are not addressing any issues of corporate identity at this time.

3.

Our final inquiry is whether Mildred Quintana possesses standing as a result of Puerto Rico communal property law. As we have found that shareholders do not possess standing to sue in this case, we find that Mildred Quintana does not possess standing. Her marriage to Luis Quintana-Aguayo could not confer upon her rights to his capacity as President of the two properties. Therefore, she has no interest in the only vehicle of standing in this case, Luis Quintana-Aguayo's capacity as President of Defendant properties "A" and "B". Accordingly, we strike her claims based upon the communal property theory.

II.

Additionally, we have before us claimants Omayra Carrión-Fontánez, Luis Quintana-Aguayo, and Hacienda Sabanera-Ciudad

Civil No. 98-2329 (JAF)                                                        6-

Caballística, Inc.'s motions for reconsideration and a stay of our Order granting the United States' motion for interlocutory sale of Defendant's property "L", all horses owned by Luis Quintana-Aguayo and Hacienda Sabanera-Ciudad Caballística, Inc.

Luis Quintana-Aguayo and Omayra Carrión-Fontánez are the owners of the "Paso Fino" horses in question. Since the United States brought this action, the horses have been seized by the government and subsequently returned to Mr. Quintana and Ms. Carrión-Fontánez' care. The horses were released based upon a stipulation entered into among the United States, Mr. Quintana, and Ms. Carrión-Fontánez. The stipulation relieves the United States of any responsibility for the death of claimants' most valuable horse, "La Fechoría del Brío."

We are highly dissatisfied with the handling of these horses during the course of this case. Claimants' most valuable horse, "La Fechoría del Brío," died as a result of colic and two other horses, "Constitución de Resorte" and "Emiliano Zapata," have been injured. The facts surrounding these injuries are unclear. The United States alleges that "La Fechoría del Brío" had a predisposition to colic and died naturally. Moreover, they allege that the other two horses were injured in a fight which claimant Quintana-Aguayo organized. Claimants retort that "La Fechoría del Brío" died because of inadequate care and attention and that the other two horses were injured in a scuffle which their trainers diffused as quickly as possible. Furthermore, claimants contend that the government

Civil No. 98-2329 (JAF)                                                              7-

returned the horses to their care in order to persuade claimants to sign a stipulation releasing the United States from liability for damages to "La Fechoría del Brío" or any other horse while in its custody.

The only thing that is clear from these facts is that these horses are suffering. We find this to be an unacceptable situation. Trial in this case is set for November 9, 1999, and we fully plan to try this case on its merits. However, we also intend to do everything in our power to ensure the proper care and treatment of these animals. We are not sure which party is responsible for allowing injuries to these horses. However, it must cease.

Based upon the course of dealings with these horses until now, we find that they should remain in the custody of claimants Quintana-Aguayo and Carrión-Fontánez, with biweekly visits from the assigned monitor. We further order the monitor to report in writing to this court following each visit and to report any drastic change in condition to us immediately. Additionally, we grant claimants' request to stop the interlocutory sale of the horses at this time. However, we note that if reports of ill treatment of or mysterious injuries to the "Paso Fino" equines while under claimants' care should again come to our attention, we will order their immediate sale.

AO 72
(Rev 8/82)

Civil No. 98-2329 (JAF)                                                      8-

### III.

Based upon the foregoing, we **GRANT** the United States' motion to strike the claims of Omayra Carrión-Fontánez, Luis Quintana-Aguayo, and Mildred Quintana as shareholders of Defendant properties; **DENY** the United States' motion to strike the claims of Luis Quintana-Aguayo and Mildred Quintana in their official capacity as officers of Defendant properties; **GRANT** the United States' motion to strike Mildred Quintana's claims premised upon the communal property theory; and **GRANT** Luis Quintana-Aguayo and Omayra Carrión-Fontánez' motions to reconsider and for a stay on our order granting the interlocutory sale of the equines, subject to the limitations set out herein.

This Opinion and Order disposes of <u>Docket Document Nos. 79, 82, 83, 106, 114, 115, and 117</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of October, 1999.

JOSE ANTONIO FUSTE
U. S. District Judge