UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff(s)

v.

CIVIL NO. 98-2329 (JAG)

ALL CORPORATE ASSETS OF
HACIENDA SABANERA-CIUDAD
CABALLISTICA INC, ET ALS.
Defendant(s)

| MOTION | ORDER |
|---|---|
| **Date Filed:** 9/17/2002  **Title:** Motion requesting relief from judgment  **Docket(s):** 208 | DENIED. This forfeiture action was filed against multiple in rem defendants on November 25, 1998. Tomas Rodriguez Diaz was served with process on December 11, 1998, however, he failed to file a claim as required by law. Accordingly, the Court entered a decree of default against Mr Rodriguez on December 10, 2001.  Rodriguez asserts that he is an innocent owner and bonafide lien holder in the property but failed to file a claim because he understood that the proceedings were not against him. He claims to have relied on the United States knowledge that he was a bonafide lien holder, to discuss the case with him and defend the interests of justice.  Rodriguez's argument fails. The only theory under which he could be entitled to relief would be under an "excusable neglect" theory under Fed. R. Civ. P 60(b). See generally Pioneer Inv. Serv. Co. v. Brunswick Assocs., 507 U.S. 380 (1993). Notwithstanding, the excusable neglect theory does not operate to protect parties who fail to understand the consequences of their deliberate acts or omissions. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577(10th Cir. 1996). The four factors set out by the Supreme Court in Pioneer to evaluate excusable neglect militate in favor of denying Rodriguez's request. These are: (1) danger of prejudice, (2) length of delay, (3) potential impact on proceedings and (4) movant's good faith. Pioneeer, 507 U.S. at 395. The property n question has been forfeited and sold at public auction under the belief that there are no liens over the property. Reopening the case at this time would call into question the sale of the property. Most importantly, Rodriguez's contention that he was not told by the United States to file |

a claim and answer to the complaint is without merit since it was his burden to defend his interests and he was clearly put on notice of the claims against him. Rodriguez, recognizing the legal significance of the proceedings, should have sought the advice of counsel or taken other actions to secure his own interests. See Crespo Caraballo v. USA, 200 F. Supp 2d 73, 78 (D.P.R. 2002). The Court finds no reason to vacate judgment, accordingly Rodriguez's request is denied.

Date: September 22, 2003

JAY A. GARCIA-GREGORY
U.S. District Judge